IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC BROADNAX,

                     Petitioner,                       OPINION AND ORDER

     v.

                                                      22-cv-520-wmc

R.D. KEYES,

                     Respondent.

---

Petitioner Eric Broadnax, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241, contending that he may have earned sufficient Federal Time Credits ("FTCs") to entitled him to immediate placement in pre-release custody under the First Step Act of 2018 ("FSA"). The court directed a response to that argument, and having reviewed the documentation regarding how the Bureau of Prisons ("BOP") determined his eligibility for FTCs, the court must deny his petition.

OPINION

The FSA permits eligible inmates who complete recidivism reduction programs or activities to receive FTCs toward time in pre-release custody or supervised release. *See* 18 U.S.C. §§ 3632(d)(4)(A) and (C). However, not all prisoners are eligible to earn FTCs. To begin, under 18 U.S.C. § 3632(d)(4), prisoners serving a sentence for certain specified crimes are ineligible to receive FTCs. In addition, to determine whether an inmate may earn FTCs, the BOP conducts a risk and needs assessment called the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), which places the inmate in one

1

of four recidivism risk categories -- high, medium, minimum or low.   After a PATTERN score is assessed, the inmate must successfully complete approved programs and activities to earn FTCs.   To apply FTCs towards pre-release custody, the inmate must either: maintain a minimum or low recidivism risk through the two prior assessments; or obtain approval from the warden for transfer to pre-release custody after determining that the inmate is not a danger to society, has made a good faith effort to lower his recidivism risk and is unlikely to recidivate.   § 3632(g)(1)(D)(i).

Respondent contends that Broadnax is ineligible to have FTCs applied to his sentence for two reasons.   *First*, respondent points out that the BOP has concluded that Broadnax is serving a term of imprisonment that renders him ineligible to receive FTCs under § 3632(d)(4)(D)(xxii), which disqualifies prisoners serving a sentence for a conviction under 18 U.S.C. § 924(c).   Broadnax was convicted in the Eastern District of Wisconsin under 18 U.S.C. § 922, 21 U.S.C. § 841, and 18 U.S.C. § 924(c)(1)(A)(i).   The court sentenced Broadnax to a total of 100 months of imprisonment, imposing concurrent 40-month sentences for his convictions under § 922 and § 841, and a consecutive 60-month sentence for his § 924(c) conviction.   Moreover, under 18 U.S.C. § 3584(c), the BOP must treat "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently" "as a single, aggregate term of imprisonment" for administrative purposes. Therefore, "it makes no difference whether a court specifies the sequence in which each portion of an aggregate sentence must be served."   *United States v. Gonzalez*, 520 U.S. 1, 8 (1997).

Further, "[a]dministrative purposes" has been interpreted to include questions about early release for participation in treatment programming. *See Moreno v. Ives*, 842 F. App'x 18, 20-22 (9th Cir. 2020) (§ 3584(c) applies to all administrative decisions made by the BOP, including for purposes of RDAP eligibility); *Pointer v. Rios*, No. 10-cv-1056, 2010 WL 4053606, at *1 (C.D. Ill. Oct. 14, 2010) (in administering good time credits, the BOP must treat consecutive sentences as a single, aggregate term). Similarly, the Seventh Circuit has concluded that § 3584(c) applies in considering whether the FSA's provisions allows for a reduction in sentence for defendants convicted of a "covered offense." *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020). In *Hudson*, the court concluded that although an inmate had been convicted of a non-covered offense and a covered offense, because multiple terms of imprisonment are treated as a single, aggregate term of imprisonment, the inmate was deemed to be convicted of a covered offense. *Id.*

Despite Broadnax's argument to the contrary, the same principle applies here. Consistent with § 3584(c), the BOP aggregated Broadnax's consecutive terms of imprisonment, which means that it deems him to be serving a single, aggregate term of imprisonment for all three convictions. And because prisoners serving a sentence for a conviction under § 924(c)(1)(A)(i) are specifically excluded from having FTCs applied to their sentences, § 3632(d)(4)(D)(xxii), Broadnax is ineligible to receive these credits.

*Second*, respondent points out that because Broadnax's PATTERN score is still "medium" risk, the Act also precludes the BOP from applying FTCs to his sentence under §§ 3624(g)(1)(B) and (D)(i)(I). In his petition, Broadnax originally represented that his PATTERN score was low, but respondent corrected that representation with evidence that

Broadnax's actual, current level is medium.   (*See* dkt. #10-5.)   Since Broadnax has not

filed a reply brief in support of his petition or otherwise disputed this correction, the court

must accept the BOP's evidence.   For this reason as well then, Broadnax is statutorily

ineligible to have FTCs applied to his sentence.   *See Thomas v. Williams*, No. 21-cv-194-

NJR, 2022 WL 18027460, at *2 (S.D. Ill. Dec. 30, 2022) (petitioner with multiple "high"

PATTERN scores deemed ineligible to receive FTCs); *Booker v. Williams*, No. 21-cv-215-

JPG, 2022 WL 4314362, at * (S.D. Ill. Sept. 19, 2022) (rejecting petitioner's challenge to

his "high" PATTERN score and denying § 2241 petition).

For both reasons, Broadnax's petition must be denied.


ORDER

IT IS ORDERED that:

1.  Eric Broadnax's petition under 28 U.S.C. § 2241 is DENIED.

2.  The clerk of court is directed to enter judgment and close this case.

Entered this 3rd day of November, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge